# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| DEBRA MALONEY, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>GLOBAL PAYMENT CHECK SERVICES INC.,<br><br>    Defendant. | Case No.: 19-cv-1135<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Debra Maloney is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her debts allegedly incurred for personal, family, or household purposes, namely alleged medical debts.

5. Defendant Global Payment Check Services, Inc. ("Global") is a foreign corporation with its principal offices located at 208 South LaSalle Street, Suite 814, Chicago, IL 60604.

6. Global is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Global is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

8. Global is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

9. Plaintiff received a debt collection letter from Global, both regarding an alleged debt. A copy of this letter is attached to this Complaint as Exhibit A.

10. Upon information and belief, Exhibit A was sent to Plaintiff on or around November of 2018.

11. Upon information and belief, the alleged debt, or debts, referenced by Exhibit A was incurred for purposes of personal entertainment.

12. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. Upon information and belief, Exhibit A is a form debt collection letter used by Global to attempt to collect alleged debts.

14. Exhibit A includes the following representation:

```
Authorized Time:      22:09:53
Authorized Date:      12/29/17
Return Reason:        ACCOUNT CLOSED
Authorized Amount:    $106.34
Service Charge:       $30.00
Total Due:            $136.34
```

15. Exhibit A additionally states:

Our previous request for payment in full for the unpaid electronic debit you authorized at POTAWATOMI BINGO CASINO have not been met.

2

16. Upon information and belief, the $30.00 "Service Charge" itemized by Exhibit A references a fee charges as a result of a check that was returned due to insufficient funds.

17. Wis. Stat. § 422.202(1)(d) provides:

With respect to a consumer credit transaction which is other than one pursuant to an open-end credit plan and which is entered into on or after May 17, 1988, a charge not to exceed $15 for each check presented for payment to a creditor which is returned unsatisfied because the drawer does not have an account with the drawee, does not have sufficient funds in his or her account or does not have sufficient credit with the drawee.

18. Additionally, Wis. Stat. § 403.414(7) provides:

A person who issues a check or other draft that is not honored upon presentment, because the drawer does not have an account with the drawee or because the drawer does not have sufficient funds in his or her account or sufficient credit with the drawee, is liable for all reasonable costs and expenses in connection with the collection of the amount for which the check or draft was written, except recovery is not permitted under this section if a person licensed under s. 138.09 or 138.14 or any other person collected or could have collected a charge for that check or other draft under s. 422.202 (1) (d) or (2m).

19. By itemizing a $30 "Service Charge," Exhibit A thus seeks to impose a fee that is not permitted under Wisconsin Law.

20. Exhibit A also contains confusing and misleading representations as to the creditor to whom the debt is owed, which is a material aspect of character and legal status of the debt. *See, Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("Knowing the current creditor 'potentially affects the debtor in the most basic ways ….'") (quoting *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp.2d 482, 488 (E.D.N.Y. 2013)).

21. Upon information and belief, Defendant provides check authorization and warranty or "check insurance" services. *See, e.g., Williams v. Global Payments Check Servs.*, No. 10-cv-698, 2011 U.S. Dist. LEXIS 144401, at *1-2 (N.D. Tex. Dec. 14, 2011).

22. Upon information and belief, Defendant's check protection services operate like the check protection services described by the Seventh Circuit in *Durkin v. Equifax Check Servs.*:

> Equifax, through its check authorization and warranty service, protects retailers from being stuck with bad checks. Under the service, when a customer presents a retailer with a check, the retailer contacts Equifax, and Equifax determines whether it will stand behind the check and authorize it or whether it will deny acceptance of the check. Equifax makes this determination by reviewing its database of check writing information. If Equifax authorizes a check that is later dishonored, Equifax purchases the check from the retailer at face value, making the retailer whole, and then pursues collection efforts on its own behalf.

406 F.3d 410, 412 (7th Cir. 2005).

23. Exhibit A does not explicitly say to whom the debt is owed.

24. Exhibit A states that it "is from a debt collector."

25. Exhibit A states that Defendant's previous request for payment in full for the unpaid electronic debit you authorized at POTAWATOMI BINGO CASINO have not been met."

26. The unsophisticated consumers would be confused as to whether the debt was owed to POTAWATOMI BINGO CASINO, Defendant, or some unnamed third party.

27. A significant fraction of unsophisticated consumers would be misled to believe that "POTAWATOMI BINGO CASINO" was the creditor to whom the alleged debt referenced in Exhibit A was owed.

28. Upon information and belief, Defendant took assignment of the debt referenced in Exhibit A in the normal course of its check authorization and warranty services.

29. Confusing and misleading representations about the name of the creditor are material misrepresentations because they create the potential for fraud or double-payments. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 324-25 (7th Cir. 2016); *Taylor v.*

4

*Alltran Fin., LP*, No. 18-cv-306-JMS-MJD, 2018 U.S. Dist. LEXIS 159862, at *6 (S.D. Ind. Sept. 19, 2018).

30. For this reason, courts hold that a debt collector must clearly and unequivocally identify the current creditor to whom the debt is owed and "a FDCPA plaintiff states a claim when she alleges that the collection letter names the creditor in a manner that is unclear or confusing." *Blarek v. Creditors Interchange*, No. 05-cv-1018, 2006 U.S. Dist. LEXIS 60595, at *3 (E.D. Wis. Aug. 25, 2006); *see also, e.g., Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 133 (E.D.N.Y. 2007); *Walls v. United Collection Bureau*, No. 11-cv-6026, 2012 U.S. Dist. LEXIS 68079, at *5 (N.D. Ill. May 16, 2012); *Deschaine v. Nat'l Enter. Sys.*, No. 12-cv-50416, 2013 U.S. Dist. LEXIS 31349, at *3-5 (N.D. Ill. Mar. 7, 2013); *Aribal*, 2013 U.S. Dist. LEXIS 105355, at *12-13; *Braatz*, 2011 U.S. Dist. LEXIS 123118, at *3; *Pardo v. Allied Interstate, LLC*, No. 14-cv-1104, 2015 U.S. Dist. LEXIS 125526, at *8-9 (S.D. Ind. Sept. 21, 2015); *Long v. Fenton & McGarvey Law Firm, P.S.C.*, 223 F. Supp. 3d 773, 778-79 (S.D. Ind. Dec. 9, 2016); *Brinkmeier v. Round Two Recovery, LLC*, No. 15-cv-3693, 2016 U.S. Dist. LEXIS 97664, at *4 (E.D.N.Y. July 25, 2016); *Datiz v. Int'l Recovery Assocs.*, No. 15-cv-3549, 2018 U.S. Dist. LEXIS 127196 (E.D.N.Y. July 27, 2018), *adopted by,* 2018 U.S. Dist. LEXIS 163290 (E.D.N.Y. Sept. 24, 2018); *Smith v. Cohn, Goldberg & Deutsch, LLC*, 296 F. Supp. 3d 754, 761 (D. Md. 2017); *Taylor*, 2018 U.S. Dist. LEXIS 159862, at *7-11.

31. Although many of the above cases considered whether the creditor was identified in a confusing manner under 15 U.S.C. § 1692g(a)(2), the standards for confusion about the identity of the creditor under 15 U.S.C. § 1692e are the same. *See, Smith v. Simm Assocs.*, App. Nos. 18-3350 and 19-1155, 2019 U.S. App. LEXIS 17072, at *8 n.2 (7th Cir. June 6, 2019); *see*

5

*also, Blarek v. Encore Receivable Mgmt.*, No. 06-cv-420, 2007 U.S. Dist. LEXIS 22549, at *48-50 (E.D. Wis. Mar. 27, 2007).

32. Plaintiff read <u>Exhibit A</u>.

33. Plaintiff was confused and misled by <u>Exhibit A</u>.

34. The unsophisticated consumer would be confused and misled by <u>Exhibit A</u>.

35. Plaintiff had to spend time and money to investigate <u>Exhibit A</u> and the possible consequences of responding to <u>Exhibit A</u>.

36. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of <u>Exhibit A</u>.

### *The FDCPA*

37. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the

6

FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

38. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

7

39. Misrepresentations of the character, amount or legal status of any debt, injures or risks injury to interests expressly protected by Congress in the FDCPA. *See Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

40. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. 15 U.S.C. § 1692e(2)(a) specifically prohibits "the false representation of the character, amount, or legal status of any debt."

42. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

43. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

44. 15 U.S.C. § 1692f(1) specifically prohibits "he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

*The WCA*

45. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

46. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

47. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

48. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, including punitive damages. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

49. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

50. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

51. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

52. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer . . . in such a manner as can reasonably be expected to threaten or harass the customer."

53. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer ...."

54. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

55. Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## COUNT I – FDCPA

56. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

57. By itemizing a $30.00 "Service Charge" as a result of a check returned for insufficient funds, Exhibit A seeks to impose a fee which is not permitted under Wisconsin Law.

10

58. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692f, and 1692f(1).

## COUNT II - WCA

59. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

60. By itemizing a $30.00 "Service Charge" as a result of a check returned for insufficient funds, Exhibit A seeks to impose a fee which is not permitted under Wisconsin Law.

61. Defendant violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(L).

## COUNT III – FDCPA

62. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

63. Exhibit A contains confusing and misleading representations as to the name of the creditor to whom the debt is owed.

64. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), and 1692e(10).

## CLASS ALLEGATIONS

65. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent initial collection letters in the form represented by Exhibits A, (c) where the letter was sent between August 6, 2018 and August 6, 2019, inclusive, (d) that was not returned by the postal service.

66. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

67. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(2)(a), and 1692g(a)(1).

68. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

69. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

70. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

71. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: August 6, 2019

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)

jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com